### HOUCK v. HAIGLER

#### (133 S. E., 538)

MORTGAGES—ASSIGNEE OF MORTGAGE, GIVEN TO SECURE PAYMENT OF PURCHASE PRICE OF AUTOMOBILE FRAUDULENTLY SOLD, WHO WAS PARTY TO SALE TRANSACTION, HELD NOT ENTITLED TO RECOVER MORE THAN FAIR VALUE OF CAR.—Assignee of mortgage on land given to secure payment of purchase price of automobile fraudulently sold for an excessive price, who was a party to the sale transaction, *held* not entitled in foreclosure proceeding to recover more than the fair value of car; purchaser-mortgagor having lost his right to rescind by failure to come promptly into Court.

Before DENNIS, J., Calhoun, December, 1920. Affirmed.

Action by W. D. Houck against John M. Haigler for foreclosure of a mortgage. Judgment for plaintiff, and defendant appeals.

The mortgage involved was given by defendant, John M. Haigler, to George H. Houck, son of plaintiff, W. D. Houck, to secure payment for an automobile and assigned by George H. Houck to plaintiff.

Defendant pleaded failure of consideration, fraud, and deceit, and asked for rescission of the contract.

The following is the decree of the Circuit Judge:

"This is an action for the foreclosure of a mortgage, and comes before me upon exceptions to the report of the special referee to whom this case was referred. The special referee found a first mortgage in favor of Bull & Taylor, and there is no question as to this mortgage. The trouble

arises with reference to a mortgage. now held by the plaintiff, W. D. Houck. The defendant, Haigler, in his answer sets up failure of consideraton, fraud, and demands a rescission of a contract of purchase of an automobile between this defendant and Geo. H. Houck, the son of the plaintiff, who sold this mortgage to the plaintiff. A careful reading of the testimony in this case convinces me that Weeks sold the defendant Haigler a used car, which had been patched up for the purpose of selling it, and that he practiced a fraud upon Haigler in charging him practically the price of a new car, which he knew was far from being a new one. If Haigler had come promptly into Court to show his rights, I would not have hesitated to set aside the transaction between Houck, Weeks, and Geo. Houck and John M. Haigler. However the defendant, Haigler, kept this car and used it for more than six months before he undertook to rescind the contract for fraud practiced on him. I find that $1000 was a fair price for the automobile which Haigler purchased, for which he gave a mortgage.

"Therefore I find that the plaintiff, W. D. Houck, should not have judgment against Haigler for more than $1,000, as the evidence convinces me that he was a party to the deal by which Haigler was sold an automobile at a price considerably more than it was worth, and for which he gave the mortgage which is now owned by the plaintiff.

"Subject to this reduction of the amount, the exceptions to the report of the special referee are overruled, and it is adjudged that the plaintiff have judgment for the sum of $1,000 and foreclosure of his mortgage."

*Messrs. W. B. Martin,* Ed. C., *Mann* and *John S. Bowman,* for appellant, cite: *Buyer sometimes compelled to rely on representations of seeller:* 80 S. C., 293. *Buyer allowed reasonable time to discover defects in goods:* 99 S. C., 383. *Assignee of mortgage takes subject to existing equities:* 119 S. E., 829; 60 S. C., 234.

*Messrs. Wolfe & Berry* for respondent.

June 7, 1926.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons assigned by his Honor, Judge Dennis, it is the judgment of this Court that the judgment of the circuit Court be affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES BLEASE and STABLER concur.

MR. JUSTICE COTHRAN (dissenting). I think that, Judge Dennis having found that a fraud had been perpetrated upon Haigler, he should have disrupted the entire transaction and rendered judgment in favor of Haigler.